UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAUVAUGHN A. PENN, | ) | Case No. 5:21-cv-00434 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Carmen E. Henderson |
| TIM MCCONAHAY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

# ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 12) in this habeas action. The Magistrate Judge recommends that the Court deny Petitioner Jauvaughn A. Penn's petition in its entirety and not grant a certificate of appealability. (*Id.*, PageID #968.)

In the Report and Recommendation, the Magistrate Judge summarized the factual and procedural history of the case. (*Id.*, PageID #955–61.) In short, Mr. Penn was convicted of one count of aggravated arson and one count of burglary. (*Id.*, PageID #958.) After the State trial court denied Petitioner's motion for a new trial, he was sentenced to an aggregate term of imprisonment of 14 years. (*Id.*) Petitioner unsuccessfully challenged his conviction on direct appeal to the Ohio Court of Appeals and later to the Ohio Supreme Court. (*Id.*, PageID #959–60.)

In this habeas action, Petitioner asserts three grounds for relief. (ECF No. 1, PageID #5–11.) First, he claims that the State trial court abused its discretion when it permitted two lay persons to provide expert testimony. (*Id.*, PageID #5.) Second,

he asserts that the State trial court abused its discretion when it denied Petitioner's motion for a new trial. (*Id.*, PageID# 7.) Three, he claims that Petitioner's conviction was contrary to the manifest weight of evidence. (*Id.*, PageID #9.)

The Magistrate Judge recommends dismissal of ground one as not cognizable because it involves a State court's ruling on the admissibility of expert testimony under State law. (ECF No. 12, PageID 966–67.) With respect to grounds two and three, the Magistrate Judge recommends dismissal of the claims as procedurally defaulted because Petitioner failed to exhaust those issues in the Ohio courts. (*Id.*, PageID #965–66.) Petitioner included grounds two and three in his initial direct appeal, but not in his appeal to the Ohio Supreme Court. (*Id.*, PageID #966.)

The Report and Recommendation was docketed on December 11, 2023 (ECF No. 12) and mailed to Petitioner the same day. The Magistrate Judge cautioned Petitioner that his failure to file objections within fourteen days of service "may forfeit the right to appeal the District Court's order." (ECF No. 12, PageID #969 (citing *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).) Nonetheless, Petitioner has failed to object to the Magistrate Judge's Report and Recommendation.

Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory

powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

The Sixth Circuit has clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire*, 928 F.3d at 530 ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Report and Recommendation has passed. Petitioner neither objected, nor provided some legitimate reason why he failed to do so. Further, on the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 12) and **DISMISSES** the action **WITH PREJUDICE**. Further, the Court **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED**.

Dated: January 17, 2024

　　　　　　　　　　　　　　　　　*/s/ J. Philip Calabrese*
　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　J. Philip Calabrese
　　　　　　　　　　　　　　　　　United States District Judge
　　　　　　　　　　　　　　　　　Northern District of Ohio

4